Where a trustee for several infants, having control of separate parcels of land, permitted taxes to accumulate upon them while he had funds in his hands, and after he had been directed by the court to pay the same, and did not pay over to some of the infants the balance which would remain to them if the taxes had been paid, and never kept any separate accounts of the several trusts, he will be removed.

Application for the removal of Myles McKeon, trustee under the will of Michael Hynes. Trustee removed.

Richards Mott Calhoone, for petitioner.
Effingham L. Holywell, for trustee.

CHURCH, S. It appears that by the will of the testator, the grandfather of the infants in question, the premises No. 73 Dikeman street were given to Myles McKeon as trustee for the benefit of Thomas William Hynes, James Hynes, and Michael Hynes; the premises No. 125 Dikeman street were given to him in trust for the benefit of Mary Hynes and Josephine Hynes; and the premises No. 123 Dikeman street were given to him in trust for the benefit of William Doyle; and application is now made on behalf of all the infants, except William Doyle, for his removal as such trustee. It appears here that, in so far as the infants in question are concerned, this trustee has not properly fulfilled his trust, by not turning over to them moneys which he had received as rents from such premises.

It also appears that he has been neglectful of his duties, by permitting the taxes to accumulate on such premises for several years. His conduct in not paying these taxes has already been condemned in a previous hearing in this court, and in the decree settling his accounts he was directed to pay the taxes, and was chargeable with the interest which had accrued during the period of nonpayment. He now seeks to justify the nonpayment of the moneys to the infants on the ground that, if he had paid these taxes at the time they were due, he would not have had the moneys which the infants claim he had in his hands to turn the same over to them, but this excuse begs the whole question. If he had paid the taxes, then he could only have turned over to the infants the balance which remained in his hands, or if he had advanced as an excuse for not paying the taxes the fact that the infants were in dire want, and that he had used the money to relieve their interests, there would have been some reason in his position; but it appears that during this period he paid neither amounts, although he had ample in his hands to apply to one purpose or the other. It appears that the trustee has not kept any trust bank accounts during the entire administration of his trust, and it also appears by his account, as settled, that he has advanced for the support of the infant William Doyle considerably more money that he has received as income from the premises which he was holding in trust for such infant. It also appears that there appeared to be a special liking or fondness for this infant, William Doyle, both on the part of this trustee and his wife; and I am convinced that the trustee herein was treating the trust fund from all of these houses as a single fund, and that the reason that the infants who complain here did not receive their share was because he was making these advances to the infant William Doyle. So far as the infants who complain here, this conduct is just as reprehensible as if he had been using this fund for his own benefit. It was his duty to keep each of these accounts separately, and to discharge his duty as trustee by each of the infants, and he had no business to be generous to the infant William Doyle at the expense of the other infants. While I am convinced that these facts alone would authorize his removal as trustee, yet the other facts disclosed show that the entire conduct of these matters makes it improper to continue him here as trustee. Although the decree settling his accounts was entered in December, it does not appear that he attempted to pay the taxes which he was required to pay, or to make any of the payments, until subsequent to the institution of these proceedings to remove him as such trustee; showing a disregard of his duties, and also a disregard of a direction of this court as to what his duties were. The trustee has produced several witnesses to testify as to his financial standing and character, but even this evidence rather hurts the character of the trustee than otherwise, because it appears that the trustee has admitted, under oath, in an examination in supplementary proceedings, that for a long period of time he was not doing business in his own name, and that there were unpaid judgments against him; and this period of time is at the very time in which his witnesses state that they were doing business with him, and giving him almost unlimited credit. Without go-

ing into all the details, therefore, of the various acts of this trustee, I am satisfied that he should be removed as the trustee of the infants for whom the application has been made. Inasmuch as nobody on behalf of the infant William Doyle has asked for his removal as trustee of that infant, I do not think that I am called upon to interfere with his trusteeship in connection with that infant.

Decreed accordingly.